STATE OF CONNECTICUT *v.* EUGENE HOWARTH

Decided September 11, 1958

*Julius W. Frankel,* for the defendant in both cases.

*Lorin W. Willis,* state's attorney, for the state in the first case.

*Arthur T. Gorman,* assistant state's attorney, for the state in the second case.

BY THE DIVISION. The defendant, age twenty-one, pleaded guilty in the Superior Court in Fairfield County to thirteen counts of breaking and entering. On October 4, 1955, he had been sentenced to the Connecticut reformatory on a charge of robbery, but execution had been suspended and he was placed in the care of the probation officer for a period of two years. On March 19, 1957, the Superior Court revoked the suspension of execution of the reformatory sentence. The court also sentenced him to a term of not less than two nor more than four years on the first count, one year on the second count, one year on the third count and one year on the fourth count, making the effective sentence not less than two nor more than seven years in state prison, to take effect after service of his term in the Connecti-

cut reformatory. Judgment was suspended on counts five to thirteen, inclusive.

The defendant pleaded guilty in the Superior Court in New Haven County at New Haven to a charge of robbery and on January 21, 1958, was sentenced by the court to a term of not less than three nor more than seven years in state prison, to take effect after his release from the Connecticut reformatory and to run concurrently with the state prison sentence imposed in Fairfield County on March 19, 1957.

Following numerous breaks in Fairfield County, the defendant and codefendants Wilchester and Adams were arrested by police on January 23, 1957. The defendant was involved in thirteen of these breaks, which included gasoline stations, a tire shop, a lumberyard and a grocery store. Approximately $509 in cash and some merchandise were taken in these breaks.

On January 3, 1957, the defendant Wilchester held up a liquor store in North Haven. Both men had the lower part of their faces covered with handkerchiefs and held their hands in the right-hand pockets of their coats, indicating that they had guns. However, no weapons were in fact shown. The proprietor was pushed into a small lavatory by one of the men while the other went through the cash register. They took $287 in cash, a wrist watch and a wallet. Codefendant Adams drove the getaway car.

The court had before it the following criminal record:

October 4, 1955—Bridgeport—robbery—sentenced to Connecticut reformatory—execution suspended; probation two years.

Counsel for the defendant points out the incongruity of sending the defendant to the Connecticut

reformatory to reform him and then committing him to state prison. The trial judge in Fairfield County obviously had in mind the violation of probation on the original sentence to the reformatory and believed that this should not go unnoticed and unpunished. We are in complete agreement with this thought but are of the opinion that this method of accomplishing it was unfortunate. If a state prison sentence was required it should have been imposed to take effect immediately and not to commence after a term in the Connecticut reformatory, where presumably the defendant would be reformed.

Following the Fairfield County sentence, the trial judge in New Haven County had no alternative but to pursue the same course in directing that a state prison sentence should follow the sentence to the reformatory. In our opinion, therefore, both the Fairfield County and New Haven County sentences should be modified.

As to the Fairfield County sentence, the Superior Court is directed to revoke the suspension of execution of the October 4, 1955, sentence to the Connecticut reformatory effective as of March 19, 1957, and to impose the following sentence on the thirteen counts of breaking and entering:

On the first count, not less than two nor more than four years in state prison; on the second count, one year; on the third count, one year; on the fourth count, one year, to take effect after service of the reformatory sentence, but with execution suspended in care of the adult probation department for a period of seven years following the expiration of the sentence to the Connecticut reformatory. The Superior Court is also directed to suspend judgment on counts five to thirteen, inclusive.

As to the New Haven County sentence, the Superior Court is directed to sentence the defendant to

a term of five years and a day in the Connecticut reformatory commencing as of January 21, 1958, to run concurrently with the previous reformatory sentence, which became effective as of March 19, 1957.

The modification of sentences indicated will require that the defendant be confined in the Connecticut reformatory for a substantial period of time. Upon his release he will have a sentence of not less than two nor more than seven years in state prison awaiting him should he violate his probation.

Ryan and Pastore, Js., participated in this decision.