STATE OF CONNECTICUT *v.* CORWIN BRANIGAN
(No. 14061)

STATE OF CONNECTICUT *v.* LAWRENCE MARKS
(No. 14062)

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 3, 1960

*John F. James,* public defender, for the defendants.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. These two petitions for review involved the cases of codefendants and, at the suggestion of counsel, were considered together. Branigan is twenty-three and Marks is twenty-two. Each pleaded guilty to six counts of breaking and entering and each received the same penalty—not less than

three nor more than four years on the first count, one year each on the second, third and fourth counts, and suspended judgment on the fifth and sixth counts.

The crimes were committed during August of 1958, when the two defendants committed a series of six breaks into business establishments in Fairfield County. Merchandise and about $1100 were taken from liquor stores, grocery stores, restaurants and theaters. It appears that these breaks were made by the defendants during the course of a month long interstate criminal spree involving offenses in New York and New Jersey as well as those committed in this state. After their apprehension in New Jersey, the defendants confessed to these crimes committed in Connecticut. For the crimes committed in New Jersey, the defendants were sentenced to the reformatory in that state. Under the interstate pact relating to detainers; General Statutes §§ 54-186—54-192; they were brought to Connecticut in 1959, and the present sentences were imposed to be served after their release from the New Jersey reformatory.

Each of the accused has a criminal record. Branigan, since he became an adult, has been convicted of possession of a knife, unlawful entry, breaking and entering, and attempted burglary, as well as larceny. The record of Marks includes a 1953 conviction for burglary, and the same breaking and entering and larceny offenses for which he was committed to the New Jersey reformatory.

Counsel for the defendants does not seriously quarrel with the maximum sentences imposed but does protest the minimum sentences, properly raising the question of a state prison sentence to be served upon release from a reformatory when, at least in theory and hope, there has been reformation and rehabilitation. The incongruity of a state prison

sentence following a reformatory sentence has been previously noted by this Division. *State* v. *Howarth,* 21 Conn. Sup. 431, 432. In that case, the Division had jurisdiction to modify both the prison and reformatory sentences and did so. In the present cases the reformatory sentences, being imposed in another jurisdiction, were not subject to control in this state beyond the suggestion of the sentencing judge that the sentences imposed "might be some indication to the reformatory at Bordentown that these two men— they may well want to consider releasing these two men from the reformatory so they can pay the penalty they owe to this State." An August, 1959, communication from the assistant superintendent of the reformatory to this Division indicates an awareness of the problem. It states: "In general we try to use the indeterminate sentence in such a way that the inmate would be released when all factors look most favorable for successful parole. With these two men facing a prison sentence in Connecticut after their release from Bordentown, this method of approaching the problem no longer seems valid."

It is the opinion of this Division that the sentences as imposed in these cases, having in mind the seriousness of the offenses and the past records of the defendants, were proper and in line with the penalties imposed in similar cases and should stand. Whether the efforts at reformation in New Jersey have been sufficiently successful to justify an earlier release on parole than would be the case without the history of such reformation effort would seem a proper matter for the consideration of the parole board rather than of this Division.

House, Devlin and Loiselle, Js., participated in this decision.